

FILED

MAY 12 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| TIFFANY JANIS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:20-CV-5043-CBK<br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

## I.   BACKGROUND

This Court must answer the question left unanswered in <u>Borden v. United States</u>, 141 S.Ct. 1817 (2021): does extreme recklessness offer sufficient *mens rea* to constitute a crime of violence under 18 U.S.C. § 924(c)(3)'s elements clause? Because the federal second-degree murder statute, and its malice aforethought element, always require the intentional killing of another person, the answer must be yes.

Tiffany Janis ("petitioner") pleaded guilty to Second Degree Murder ("the Statute"), in violation of 18 U.S.C. §§ 1111(a),1153; and Discharge of a Firearm During the Commission of a Crime of Violence, violative of 18 U.S.C. § 924(c)(1)(A)(iii), in United States District Court for the District of South Dakota on November 16, 2018, before United States Magistrate Judge Daneta Wollman. 5:18–CR-50024–JLV,[1] Doc. 66. In February 2018, Ms. Janis, a member of the Oglala Sioux Tribe, entered her home following a fight with her husband, Brian Garrett. Carrying a loaded 9-millimeter pistol, the petitioner walked in on her husband performing sexual acts with her cousin. Enraged, Ms. Janis fired the gun, missing Garrett. The bullet went through a window just above the bed where her children were sleeping. Janis fired again, hitting Garrett in the upper chest. Mr. Garrett died from the bullet wound.

---

[1] Citations to the underlying criminal proceedings are referred to as "C.R."

United States District Court Judge Jeffrey Viken adopted Judge Wollman's Report and Recommendations on November 26, 2018, accepting the petitioner's guilty plea. C.R. Doc. 69.  On March 22, 2019, Judge Viken sentenced Ms. Janis to 120 months custody, followed by three years of supervised release, on each of the two counts, which were to run consecutively.  C.R. Docs. 87, 88.

Following the United States Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), petitioner filed a timely motion to reduce sentence, arguing her § 924(c)(3)(A) conviction no longer can stand.  Doc. 1.  The United States subsequently filed a motion for abeyance, Doc. 4, considering the Supreme Court's granting of certiorari in Borden v. United States, which was tasked with deciding whether reckless conduct can qualify as the use of necessary physical force within the context of the similarly worded "force clause" of the Armed Career Criminal Act.  The Court granted the motion of abeyance, Doc. 6, which was released from its temporary stay on July 30, 2021.  Doc. 9.  The government then moved to dismiss petitioner's motion for failure to state a claim.  Doc. 11.  Briefing is complete and this matter is ripe for adjudication.

## II.   DISCUSSION

### A. Standard of Review

The government's motion to dismiss for failure to state a claim is applicable to 28 U.S.C. § 2255 habeas proceedings so long as its procedural commands do not conflict with habeas statutes or the Rules Governing Section 2255 Cases in the United States District Courts.  Because it is consistent, the ordinary standard of review for motions under 12(b)(6) is applicable.  See Wolfe v. United States, 2021 WL 5095953, at *5 (D.S.D. Sept. 20, 2021) (explaining interplay between Rule 12(b)(6) and motions to vacate under 28 U.S.C. § 2255).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court assumes that all facts in the petitioner's motion to vacate are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party.  Monday Rests. v. Intrepid Ins. Co., — F.4th —, 2022 WL 1194000, at *1 (8th Cir. April 26, 2022).  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007); Ashcroft v. Iqbal, 556

2

U.S. 662, 678 (2009).  "In deciding a motion to dismiss, courts ordinarily do not consider matters outside the pleadings." Gillick v. Elliott, 1 F.4th 608, 610 n.2 (8th Cir. 2021). However, courts may consider materials "necessarily embraced by the pleadings, including exhibits attached to the complaint and matters of public record." LeMay v. Mays, 18 F.4th 283, 289 (8th Cir. 2021) (internal quotations omitted).  Here, this Court can and will consider the docket in Janis' underlying criminal case, which is "incorporated by reference or integral to [her] claim." Williams v. Emps. Mut. Casualty Co., 845 F.3d 891, 903–04 (8th Cir. 2017) (internal quotation marks omitted).  The complaint must hold "'enough facts to state a claim to relief that is plausible on its face.'" Spagna v. Phi Kappa Psi, Inc., 30 F.4th 710, 715 (8th Cir. 2022) (quoting Twombly, 550 U.S. at 570).  The factual allegations must be enough to raise specificity "above the speculative level." Richardson v. BNSF Ry. Co., 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotations omitted).

Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Stoebner v. Opportuntiy Fin., LLC, 909 F.3d 219, 225–26 (8th Cir. 2018) (quoting Iqbal, 556 U.S. at 678).  When assessing the merits of a complaint challenged under Rule 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth." McDonough v. Anoka Cnty., 799 F.3d 931, 945–46 (8th Cir. 2015), cert. denied, 578 U.S. 1012 (2016) (citing Iqbal, 556 U.S. at 679).

### B. Analysis

#### 1. *Residual Clause and the Categorical Approach*

Section 924(c) has a litigious past.  18 U.S.C. § 924(c)(1)(A) makes it a criminal offense for an individual to use or carry a firearm in furtherance of a "crime of violence." But what is a "crime of violence?"  Two separate paths were written into the statute, the "elements clause" and the "residual clause" definitions, located at §§ 924(c)(3)(A),(B).

In United States v. Davis, 139 S.Ct. 2319 (2019), the United States Supreme Court held that § 924(c)(3)(B), the "residual clause," is unconstitutionally vague.  139 S.Ct. 2319, 2323–33 (2019).  The residual clause defined a crime of violence as a felony

3

offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Applying the categorical approach of interpretation, the <u>Davis</u> Court struck down the residual clause, one of two definitions for a "crime of violence." See <u>Mumad v. Garland</u>, 11 F.4th 834, 838–39 (8th Cir. 2021), (explaining Supreme Court's vagueness jurisprudence in relation to <u>Davis</u>). Critical for this offense, then, is examining what the categorical approach entails.

The categorical approach requires courts to discern what the minimum conduct is required for a conviction under the predicate offense's statutory elements, *without* considering the specific facts of the case at hand. <u>United States v. Roblero-Ramirez</u>, 716 F.3d 1122, 1125 (8th Cir. 2013). Put differently, courts look to the "'generic federal definition of a corresponding' crime of violence." <u>Id.</u> (*quoting* <u>Moncrieffe v. Holder</u>, 596 U.S. 184, 190 (2013)). Under this approach of interpretation, the residual clause was struck down in its entirety. Now, the Court may turn to the remaining definition for a "crime of violence" under § 924(c)(3)(A), *if* it determines this motion is the proper place to determine the merits of the federal second-degree murder statute's applicability to the elements clause.

Before tackling the merits of Janis' claim, the Court must first identify whether this § 2255 motion is the proper vehicle to entertain the petitioner's attack on § 924(c)(3)(A). <u>Borden</u> was released after petitioner filed her motion to vacate, but prior to this Court announcing its decision in this matter. While <u>Teague v. Lane</u>, 489 U.S. 288 (1989), generally bars a "new constitutional rule of criminal procedure" from being applied during pending collateral motions, <u>Borden</u> was not announcing such a rule. <u>United States v. Ryan</u>, 227 F.3d 1058, 1062 (8th Cir. 2000) (*quoting* <u>Teague</u>, 489 U.S. at 310–11). "The Court has made clear, however, that <u>Teague</u> does not apply in those cases in which the Court determines the meaning of a criminal statute enacted by Congress, because such a decision involves the substantive reach of a federal statute, not a new rule of criminal procedure." <u>Id.</u> Accordingly, <u>Borden</u> can be applied to Janis' motion.

2.  *Borden Eliminates Recklessness as Qualifying Predicate Offense*

The elements clause defines a "crime of violence" as a felony offense that "has an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The United States Supreme Court recently weighed in again on discerning the proper definition of "crime of violence," but this time in relation to an analogous statutory definition of § 924(c)(3)'s elements clause.

In Borden v. United States, 141 S.Ct. 1817 (2021), Justice Kagan, writing for a four-justice plurality, with Justice Thomas concurring in the judgment, held that the underlying statutory offense giving way for the similarly worded "force clause" in the Armed Career Criminal Act ("ACCA"), requires the predicate felony offense to hold a *mens rea* of acting purposely or knowingly, *not* mere recklessness.  141 S.Ct. at 1825 (plurality opinion); 1835 (Thomas, J., concurring in the judgment).  However, the plurality and Justice Thomas arrive at this disposition through different paths.

For the four-justice plurality, the analysis centers on the phrase "against another," which when acting as a modifier for "use of force," requires the purposeful or knowing direction of an action against the other individual.  Reckless conduct does not hold such a concerted aim of direction.  See Borden, 141 S.Ct. at 1825–28 (2021) (plurality opinion). Justice Thomas, on the other hand, keeps his focus solely on the "use of physical force" element, which "has a well-understood meaning of applying *only* to *intentional* acts designed to cause harm."  Id. at 1835 (Thomas, J., concurring in the judgment) (emphases added) (*quoting* Voisine v. United States, 579 U.S. 686, 713 (2016) (Thomas J., dissenting).  Accordingly, the concurrence does not have to tackle the additional element of "against the person of another," which only bolsters the case for requiring an intentional *mens rea*.  While their interpretive routes differ, their destination is the same: recklessness does not suffice.  See United States v. Bates, 24 F.4th 1017, 1018 n.1 (5th Cir. 2022) (per curiam) (explaining different interpretative tools of the four-justice plurality and Justice Thomas).

Because "the more narrow opinion authored by Justice Kagan is a logical subset of the broader opinion expressed by Justice Thomas . . . [t]he plurality opinion authored by

Justice Kagan may therefore be construed as the determinative holding of the Court in Borden." United States v. Kepler, 2021 WL 4027203, at *9 (N.D. Okla. Sept. 3, 2021) (internal quotation marks omitted). See Jones v. Jegley, 947 F.3d 1100, 1106 n.3 (8th Cir. 2020) ("[W]hen 'no single rationale explaining the result enjoys the assent of five justices,' the holding of the Court is the 'position taken by those members who concurred in the judgments on the narrowest grounds.'") (*quoting* Marks v. United States, 430 U.S. 188, 193 (1977)).

This means that statutes which permit felonies to be performed with mere recklessness *cannot* be a "violent felony" under the similarly worded ACCA statute. See United States v. Martin, 15 F.4th 878, 883 (8th Cir. 2021), cert. denied, 141 S.Ct. 1432 (2022). Similar logic commands that the elements clause of § 924(c)(3)(A) cannot be satisfied by a statute that allows for its commission under mere recklessness. Instead, Ms. Janis' underlying offense must *only* be satisfied by a higher *mens rea*, such as a statute that requires an intentional act or attempt. See United States v. Lopez-Castillo, 24 F.4th 1216, 1219 n.2 (8th Cir. 2022) ("After Borden v. United States, a crime of violence also requires a mens rea greater than recklessness – e.g., knowledge or intent."). See also United States v. Thompson, 2022 WL 138524, at *2–3 (D. Minn. Jan. 14, 2022) (explaining Borden's effects on § 924(c)(3)(A)). But what about a statute that requires *extreme* recklessness?

3. *Finding Extreme Recklessness' Place in* Mens Rea *Hierarchy Post-Borden*

Petitioner pleaded guilty to second-degree murder, in violation of 18 U.S.C. §§ 1111(a),1153. The requisite elements for the federal second-degree murder statute are: (1) that the perpetrator "is a Native American who (2) unlawfully killed [her victim], (3) with malice aforethought, (4) in Indian country." United States v. Iron Crow, 970 F.3d 1003, (8th Cir. 2020), cert. denied, 141 S.Ct. 1422 (2022). See also United States v. Cottier, 908 F.3d 1141, 1146 (8th Cir. 2018), cert. denied, 140 S.Ct. 354 (2019). The first two elements, as well as the last, are not in dispute. Rather, this matter boils down to whether "malice aforethought" falls under the post-Borden definition for a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Second-degree murder is commonly referred

6

to a killing committed with "extreme recklessness" or as a "depraved-heart" murder. See Frascarelli v. United States Parole Comm'n, 857 F.3d 701, 706 (8th Cir. 2017), cert. denied, 138 S.Ct. 341 (2017) (explaining within context of 18 U.S.C. § 1111(a) that "malice" involves "the existence of a depraved heart, another term of art that refers to a level of extreme recklessness and wanton disregard for human life.") (internal quotation marks omitted).

The United States Court of Appeals for the Eighth Circuit has previously held that "[m]alice may be shown by evidence of conduct which is reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that [the factfinder] is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." Cottier, 908 F.3d at 1146 (internal quotation marks omitted).  Binding precedent goes further, clearly defining malice aforethought as involving "*intent* at the time of a killing *willfully* to take the life of a human being or an *intent willfully* to act in callous and wanton disregard of the consequences of human life." United States v. Johnson, 879 F.2d 331, 334 (8th Cir. 1989) (internal quotation marks omitted) (emphases added). See also United States v. Delaney, 717 F.3d 553, 556 (7th Cir. 2019), cert. denied, 571 U.S. 964 (2013) ("Second-degree murder does not involve premeditation – but remember that it must be *consciously intended*") (emphasis added).  The Court must tackle whether this depraved-heart murder qualifies under the elements clause of § 924(c)(3)(A) following Borden, a question explicitly left unanswered by the high Court.

Justice Kagan, writing for the four-justice plurality, noted that "[s]ome States recognize mental states (often called 'depraved heart' or 'extreme recklessness') between recklessness and knowledge." Borden, 1412 S.Ct. at 1825 n.4 (plurality opinion).  But the plurality went no further.  Instead, the plurality wrote "[w]e have no occasion to address whether offenses with those mental states fall within the elements clause." Id. But Justice Kagan was not alone in nodding to this crime's fit within the *mens rea* hierarchy.  Writing for a four-justice dissent, Justice Kavanaugh emphasized the point. He noted that "[a]s the plurality notes, today's decision should not be construed to express any view on the application of the use-of-force clause to crimes requiring a

7

mental state of *extreme* recklessness." Id. at 1856 n.21 (Kavanaugh, J., dissenting) (emphasis in original).  This Court continues where Borden left off.

The dissent is correct in its application of the plurality and concurrences' effect on statutes requiring a *mens rea* of extreme recklessness, or malice aforethought, such as the federal second-degree murder statute.  Justice Kavanuagh rightly noted that "crimes committed with extreme recklessness, such as depraved-heart murder, should obviously still qualify as predicate offenses under ACCA, even after today's decision.  And indeed, counsel for Borden forthrightly acknowledged at oral argument that extreme recklessness crimes, such as depraved-heart murder, can still suffice under ACCA." Id.  This is so because malice aforethought *must* include "intent at the time of a killing willfully to take the life of a human being or an intent willfully to act in callous and wanton disregard of the consequences of human life." Johnson, 879 F.2d at 334 (internal quotation marks omitted).  There is no possible factual scenario under the Statute, thanks to the malice aforethought element, where a perpetrator could commit second-degree murder *without* acting *more* than reckless.  Instead, the wrongdoer *must* be acting with an intent to either (1) take the life of another, or (2) have willfully acted in such a callous and wanton disregard for the consequences of another's life, such as through fatally shooting a spouse in the chest.

Before Borden, the Eighth Circuit previously held in United States v. McCoy that the requisite *mens rea* for the federal voluntary manslaughter statute, satisfies the elements clause of § 924(c)(3)(A). See 960 F.3d 487, 489–90 (8th Cir. 2020), cert. denied, 141 S.Ct. 2819 (2021).  Voluntary manslaughter holds the same *mens rea* requirement as second-degree murder. See United States v. Serawop, 410 F.3d 656, 663–66 (10th Cir. 2005) (examining federal murder and manslaughter statutes and holding "[v]oluntary manslaughter requires proof beyond a reasonable doubt that the defendant acted, while in the heat of passion or upon a sudden quarrel, with a mental state that would otherwise constitute second degree murder – either a general intent to kill, intent to do serious bodily injury, or with depraved heart recklessness.").  A sister district court has held that because the 2016 Supreme Court's opinion in Voisine v. United States, 136

S.Ct. 2272 (2016) – which the McCoy Circuit Court relied on – was not overruled or abrogated by Borden, the analysis can stop: McCoy held that the *mens rea* needed for the federal voluntary manslaughter statute satisfies the elements clause, and this Court may stop there. See Thompson, 2022 WL 138524, at *1–3. So far as McCoy holds the analogous *mens rea* for voluntary manslaughter requires an intent higher than recklessness, and specifically holds an intent requirement, our sister district court is correct: federal second-degree murder holds an intent requirement and thus satisfies the elements clause as defined by Borden. But McCoy must be read through the lens of Borden, or courts risk ignoring critical jurisprudential developments regarding the elements clause.

This Court is not the first to hold that the Statute's requisite *mens rea* still satisfies § 924(c)(3)(A)'s elements clause following Borden. In United States v. Kepler, the United States District Court for the Northern District of Oklahoma arrived at the same conclusion. 2021 WL 4027203, at *5–10. See id. at *10 ("[T]o be culpable for second-degree murder, the defendant must be conscious of a risk specific to a human life, not just a real, generalized risk."). And as the plurality clearly wrote, one "acts knowingly when '[she] is aware that [a] result is practically certain to follow from [her] conduct,' whatever [her] affirmative desire." Borden, 141 S.Ct. at 1823 (plurality opinion) (*quoting* United States v. Bailey, 444 U.S. 394, 404 (1980)). The Court's analysis of the Statute in question makes bare it cannot be perpetrated without such a conscious awareness of the likely results of one's actions. Similar conclusions are found under Justice Thomas's concurrence. Justice Thomas homes in on the "use of physical force" element, and it necessarily requiring a *mens rea* higher than recklessness. But this Statute may only be satisfied through the *willful* act that involves a "callous and wanton disregard of the consequences of human life." Johnson, 879 F.2d at 334 (internal quotation marks omitted). This willful act devoid of concern for human life is only satisfied through the *intentional use* of physical force, such as the shooting at a spurned lover and the wanton disregard for the victim's likely demise. Accordingly, the Statute

9

satisfies <u>Borden's</u> demands for predicate offenses under the elements clause of § 924(c)(3)(A), under both the plurality and concurrence.

4. *Petitioner's Alternative Ground for Relief is Foreclosed by Eighth Circuit Precedent*

Petitioner also argues that the Statute is overbroad and cannot be a qualifying offense because it encompasses harm against prenatal conduct. But she acknowledges that "the Eighth Circuit has cursorily rejected a similar overbreadth argument in the context of voluntary manslaughter." RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS & REPLY TO GOVERNMENT'S RESPONSE TO 28 U.S.C. § 2255 MOTION, Doc. 16 at 11 n.6. The Court notes that "Janis respectfully disagrees with this cursory conclusion" and finds that she has preserved this argument for further appellate review. MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (*DAVIS* CLAIM), Doc. 2 at 6 n.2.

## C. <u>No Evidentiary Hearing is Required</u>

Because this matter boils down to a pure legal question, no evidentiary hearing is required. Petitioner is "entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that [she] is entitled to no relief.'" <u>Jackson v. United States</u>, 956 F.3d 1001, 1006 (8th Cir. 2020) (first alteration in original) (*quoting* 28 U.S.C. § 2255(b)). <u>See also Love v. United States</u>, 949 F.3d 406, 411 (8th Cir. 2020), <u>cert. denied</u>, 141 S.Ct. 576 (2020) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.") (internal quotations omitted). No evidentiary hearing is required because Ms. Janis is not entitled to relief as a matter of law, with no factual development able to alter the Court's holding.

## III. CONCLUSION

The federal second-degree murder statute holds a requisite *mens rea* of extreme recklessness. The logic of the United States Supreme Court's decision in <u>Borden v. United States</u>, 141 S.Ct. 1817 (2021), and prior circuit court case law on the meaning of malice aforethought, lead only to one conclusion: 18 U.S.C. § 1111(a) is a proper predicate offense

under the elements clause of 18 U.S.C. § 924(c)(3)(A).  Accordingly, the United States' motion to dismiss should be granted and the petitioner's motion to vacate should be denied.

IT IS HEREBY ORDERED that the United States' motion to dismiss, Doc. 11, is granted.

IT IS FURTHER ORDERED that petitioner Tiffany Janis' motion to reduce sentence, Doc. 1, is denied.

DATED this _5th_ day of May, 2022

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge