

FILED
JUL 08 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| TIFFANY JANIS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:20-CV-5043-CBK<br><br><br><br>**ORDER** |

Tiffany Janis ("petitioner") moves this Court for a certificate of appealability on whether her Second Degree Murder conviction, violative of 18 U.S.C. §§ 1111(a), 1153, constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A) ("the elements clause"); and Discharge of a Firearm During the Commission of a Crime of Violence, violative of 18 U.S.C. § 924(c)(1)(A)(iii), in United States District Court for the District of South Dakota. 5:18–CR–50024–JLV. Because the applicability of the elements clause to the federal Second Degree Murder charge remains a relatively open question, petitioner's motion should be granted.

This Court may grant a certificate of appealability for Ms. Janis' habeas petition pursuant to 28 U.S.C. § 2255 upon "a substantial showing of the denial of a constitutional right." Clay v. Bowersox, 628 F.3d 996, 998 (8th Cir. 2011) (per curiam) (*quoting* 28 U.S.C. § 2253(c)(2)). Here, a "substantial showing of the denial of a constitutional right" concerns "issues [that] are debatable among reasonable jurists." Bell v. Norris, 586 F.3d 624, 632 n.3 (8th Cir. 2009) (internal quotation marks omitted).

While the Court in its previous Memorandum and Order, Doc. 18, held that the federal Second Degree Murder statute, and its requisite *mens rea* of extreme recklessness, satisfies § 924(c)(3)'s elements clause, this question remains open to debate among reasonable jurists. Petitioner rightly points to a split *en banc* decision of the United

States Court of Appeals for the Ninth Circuit released nearly the same time as this Court's opinion here, with the majority arriving at the same conclusion as this Court. See United States v. Begay, 33 F.4th 1081 (9th Cir. 2022) (*en banc*). So has the United States District Court for the Northern District Court of Oklahoma. See United States v. Kepler, 2021 WL 4027203 (N.D. Okla. Sept. 3, 2021). But not all federal judges have arrived at the same conclusion. In Begay, three judges dissented on this very question. See id. at 1098–1099 (Wardlaw, J., dissenting in part); 1099–1107 (Ikuta, J., joined by VanDyke, J., dissenting in part). See id. at 1100 (Ikuta, J, joined by VanDyke, J., dissenting in part) (While noting that "one judge recently argued that a contrary conclusion would make him feel that he was 'taking crazy pills,'" nevertheless arguing the federal statute did not constitute a crime of violence under binding U.S. Supreme Court precedent) (internal citations omitted). Clearly, reasonable jurists can disagree.

This important question, whether the federal Second Degree Murder statute constitutes a crime of violence under § 924(c)(3)'s elements clause, remains open to debate among reasonable jurists and warrants a certificate of appealability.

IT IS HEREBY ORDERED that petitioner Tiffany Janis' Application for Certificate of Appealability, Doc. 20, is granted.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner pleaded guilty to Second Degree Murder, in violation of 18 U.S.C. §§ 1111(a), 1153; and Discharge of a Firearm During the Commission of a Crime of Violence, violative of 18 U.S.C. § 924(c)(1)(A)(iii), in United States District Court for the District of South Dakota. 5:18–CR–50024–JLV. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that Second Degree Murder does not constitute a crime of violence under the elements clause pursuant to 18 U.S.C. § 924(c)(3)(A) in light of the U.S. Supreme Court's fractured holding in Borden v. United States, 141 S.Ct. 1817 (2021). The United States moved to

dismiss the petitioner's claim pursuant to Federal Rule of Civil Procedure 12(b)(6), Doc. 11, which I granted. Doc. 18.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because this question remains on relatively uncharted ground, the petitioner has made the requisite substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there exists probable cause of an appealable issue with respect to the Court's granting of the United States' Motion to Dismiss the petitioner's Motion pursuant to 28 U.S.C. § 2255.

DATED this 8th day of July, 2022

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge